UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

_____

Kevin M. Lasser,                                          Court File No. 14-cv-3326 (MJD/LIB)

                    Plaintiff,

        v.                                                        **REPORT & RECOMMENDATION**
                                                                        **AND ORDER**

American General Life Insurance Company, et al.,

                    Defendants.

_____

        This matter comes before the undersigned United States Magistrate Judge upon Plaintiff's Motion for Judgment on the Pleadings, [Docket No. 19], and Plaintiff's Motion to Extend Time to Serve and File Amended Complaint and For Leave to File First Amended Complaint, [Docket No. 42]. The Honorable Michael J. Davis, Chief United States District Judge for the District of Minnesota, referred Plaintiff's Motion for Judgment on the Pleadings, [Docket No. 19], to the undersigned Magistrate Judge for report and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B). (Order of Referral [Docket No. 26]). The Undersigned heard argument on Plaintiff's motions on February 12, 2015. (Minute Entry [Docket No. 45]).

        For reasons articulated herein, the Court recommends **DENYING** Plaintiff's Motion for Judgment on the Pleadings, [Docket No. 19]; and the Court **GRANTS** Plaintiff's Motion to Extend Time to Serve and File Amended Complaint and For Leave to File First Amended Complaint, [Docket No. 42].

## I.      BACKGROUND

        Plaintiff Kevin M. Lasser ("Plaintiff") initiated the present declaratory judgment action in Minnesota state court on or about August 12, 2014, naming as Defendants American General Life Insurance Company ("American General") and Clara Lasser ("Defendant Lasser").

American General removed to the United States District Court for the District of Minnesota on September 2, 2014. (Notice of Removal [Docket No. 1]).[1]

Plaintiff alleges that in 1999, Wanda Lasser, Plaintiff's former spouse, purchased a life insurance policy. (Compl. [Docket No. 1-1], ¶ 4). The policy named Plaintiff as the primary beneficiary and Defendant Lasser (Plaintiff's mother and Wanda Lasser's former mother-in-law) as the contingent beneficiary. (Id. ¶ 5). Wanda Lasser purchased the policy while married to Plaintiff; the couple divorced in 2012, but Plaintiff remained the primary beneficiary under the policy. (Id. ¶ 6).

Wanda Lasser died on April 26, 2014. (Id. ¶ 7). On June 25, 2014, an insurance servicer informed Plaintiff that the insurer (American General) intended to pay the proceeds of the life insurance policy to Defendant Lasser. (Id. ¶ 8). On August 12, 2014, Plaintiff initiated the present declaratory judgment action, "to obtain a determination as to whether the life insurance proceeds are payable to Plaintiff as the primary beneficiary on the policy." (Id. ¶ 9).

In her Answer to the Complaint, Defendant Lasser alleges that upon Plaintiff's divorce from Wanda in 2012, Minn. Stat. § 524.2-804 revoked Plaintiff's status as Wanda's primary beneficiary. (Answer [Docket No. 7], ¶ 7). Additionally, Defendant Lasser preserves a number of affirmative defenses, alleging that "Plaintiff's claims may be barred, in whole or in part, by . . . estoppel, duress, laches, release or waiver." (Id. ¶ 9). Defendant Lasser requests the Court deny judgment in Plaintiff's favor and declare "Clara Lasser is the proper beneficiary of the referenced life insurance policy[.]" (Id. at 2).

---

[1] On October 21, 2014, pursuant to stipulation by the parties, the Court granted American General leave to deposit into the registry of the Court $253,143.85 – the $250,000 death benefit due and owing under Wanda Lasser's life insurance policy, plus accrued interest. (Order [Docket No. 12]). Upon deposit of the funds, the Court dismissed American General from the present case. (Id.)

II.     REPORT   AND   RECOMMENDATION:   PLAINTIFF'S   MOTION   FOR
        JUDGMENT ON THE PLEADINGS, [DOCKET NO. 19]

Pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, Plaintiff moves the Court

for an order (1) dismissing Defendant Lasser's affirmative defense of duress, pled on behalf of

decedent Wanda Lasser, for lack of standing; (2) dismissing Defendant Lasser's affirmative

defense of duress, pled on behalf of decedent Wanda Lasser, for failure to state a claim with

sufficient particularity; and (3) granting Plaintiff judgment on the pleadings. (Pl.'s Mot. for

Judgment on the Pleadings [Docket No. 19]).

In support of the present motion, Plaintiff argues that he is entitled to judgment on the

pleadings because he is the primary beneficiary under Wanda Lasser's policy and because Minn.

Stat. § 524.2-804 could not, upon the couple's divorce, retroactively revoke Plaintiff's status as

the primary beneficiary. Plaintiff argues that application of Minn. Stat. § 524.2-804 to revoke

Plaintiff's status as the primary beneficiary under Wanda Lasser's life insurance policy is

unconstitutional, per <u>Whirlpool Corp. v. Ritter</u>, 929 F.2d 1318 (8th Cir. 1991). Additionally,

Plaintiff argues that Defendant Lasser's affirmative defenses – specifically, duress – necessarily

fail, as she pleads duress with insufficient specificity. In response, Defendant Lasser argues that

Minn. Stat. § 524.2-804 *did* revoke Plaintiff's status as primary beneficiary under Wanda

Lasser's policy. Defendant Lasser argues that "other federal courts and authoritative legal

commentators" have "roundly criticized" the Eighth Circuit's holding in <u>Whirlpool</u>, and,

accordingly, Defendant Lasser effectively argues that this Court should overturn the Eighth

Circuit holding and deny Plaintiff judgment on the pleadings.

A.      Standard of Review

When reviewing Rule 12(c) motions for judgment on the pleadings, courts "accept as true

all facts [pled] by the non-moving party and grant all reasonable inferences from the pleadings in

favor of the non-moving party." <u>Faibisch v. Univ. of Minnesota</u>, 304 F.3d 797, 803 (8th Cir.

2002) (<u>quoting</u> <u>United States v. Any & All Radio Station Transmission Equip.</u>, 207 F.3d 458,

462 (8th Cir. 2000)); <u>see also</u> <u>Nat'l Car Rental Sys., Inc. v. Computer Assocs. Int'l, Inc.</u>, 991

F.2d 426, 428 (8th Cir. 1993); <u>Westcott v. City of Omaha</u>, 901 F.2d 1486, 1488 (8th Cir. 1990).

A court may enter judgment on the pleadings where no material issue of fact remains to be

resolved and the movant is entitled to judgment as a matter of law. <u>Faibisch</u>, 304 F.3d at 803

(<u>citing</u> <u>Any & All Radio</u>, 207 F.3d at 462).

**B.    Analysis**

As a threshold matter, the Court recommends denying Plaintiff's Motion for Judgment

on the Pleadings, [Docket No. 19], insofar as Plaintiff is essentially moving the Court for an

order dismissing Defendant Lasser's affirmative defenses.

Federal Rule of Civil Procedure 8(c) states only that "a party must affirmatively state any

avoidance or affirmative defense" in its responsive pleading. Fed. R. Civ. P. 8(c)(1). The plain

language of Rule 8 does not require parties to plead affirmative defenses with any degree of

particularity. Unlike affirmative *claims for relief*, a party need only *state* affirmative defenses in

its responsive pleading; a party need not provide "a short and plain statement" demonstrating that

the pleader is entitled to relief. <u>C.f.</u>, Fed. R. Civ. P. 8(a), (c).

In light of the plain language of Rule 8, the Court finds that <u>Iqbal/Twombly</u> pleading

standards *do not apply* to affirmative defenses. The Court acknowledges that a split exists among

district courts in the Eighth Circuit on this particular issue,[2] but the Court finds the Honorable

---

[2] In <u>Strauss v. Centennial Precious Metals, Inc.</u>, 291 F.R.D. 338, 343 (D. Neb. 2013), the District of Nebraska specifically catalogued the split among district courts within the Eighth Circuit:

> For cases in the Eighth Circuit holding that the <u>Iqbal/ Twombly</u> standard does
> not apply to the pleading of affirmative defenses, see <u>CitiMortgage, Inc. v.</u>
> <u>Draper & Kramer Mortgage Corp.</u>, No. 4:10CV1784, 2012 WL 3984497 (E.D.
> Mo. Sept. 11, 2012) (collecting cases and agreeing with reasoning of cases that

Patrick J. Schiltz's analysis in <u>Wells Fargo & Co. v. United States</u>, 750 F. Supp. 2d 1049, 1051

(D. Minn. 2010), particularly informative and persuasive. First, as discussed above, nothing in

the language of the Federal Rules of Civil Procedure even subtly suggests that a defendant must

plead sufficient facts to establish the plausibility or viability of an affirmative defense. <u>Id.</u> An

affirmative defense is neither a claim for affirmative relief nor governed by Rule 8(a)'s pleading

---

hold that <u>Iqbal/Twombly</u> pleading standard does not apply to affirmative
defenses); <u>U.S. Bank Nat'l Ass'n v. Education Loans Inc.</u>, Civ. No. 11-1445,
2011 WL 5520437 (D. Minn. Nov. 14, 2011) (same; district court was bound by
Eighth Circuit Court of Appeals <u>Zotos</u> case holding that affirmative defenses
need not be articulated with any rigorous degree of specificity and are raised
only by their bare assertion; text of Fed. R. Civ. P. 8(b) and (c) require defenses
to be stated in short, plain terms and affirmatively stated, but rules do not require
defendant to plead sufficient facts to establish plausibility of affirmative
defenses, as they are not "claims for relief" encompassed by stricter
requirements of Rule 8(a)); <u>Bank of Beaver City v. Southwest Feeders, L.L.C.</u>,
No. 4:10CV3209, 2011 WL 4632887 (D. Neb. Oct. 4, 2011) (Fed. R. Civ. P.
8(a), which requires statement showing that pleader is entitled to relief, does not
apply to affirmative defenses under Rule 8(c); <u>Iqbal</u> and <u>Twombly</u> analyzed Fed.
R. Civ. P. 8(a)(2) and should not be read to govern pleading affirmative defenses
under Rule 8(c); extension of <u>Iqbal/Twombly</u> pleading standard to affirmative
defenses is "incompatible" with Eighth Circuit's <u>Zotos</u> and <u>Wisland</u> holdings);
<u>Ash Grove Cement Co. v. MMR Constructors, Inc.</u>, No. 4:10-CV-4069, 2011
WL 3811445 (W.D. Ark. Aug. 29, 2011) (<u>Twombly's</u> analysis under Fed. R.
Civ. P. 8(a) does not apply to pleading of affirmative defenses under Rule 8(c));
<u>Wells Fargo & Co. v. United States</u>, 750 F. Supp. 2d 1049 (D. Minn. 2010)
(<u>Twombly/Iqbal</u> requirement that plaintiff plead sufficient facts to state
plausible claim for relief under Fed. R. Civ. P. 8(a) does not apply to pleading
affirmative defenses under Rule 8(c), as affirmative defenses are not claims for
relief; applying <u>Iqbal/Twombly</u> pleading standard to affirmative defenses would
result in additional rounds of motion practice because defendants would plead
fewer affirmative defenses initially and, after discovery, move to amend answer
to add affirmative defenses). For cases in this circuit holding that the
<u>Iqbal/Twombly</u> standard applies to the pleading of affirmative defenses, see
<u>Shaw v. Prudential Ins. Co. of America</u>, No. 10-CV-3355, 2011 WL 5920912
(W.D. Mo. Nov. 28, 2011) (while <u>Iqbal</u> did not explicitly discuss pleading of
affirmative defenses and Circuit Courts of Appeal have not ruled on the issue, it
"makes sense" to apply <u>Iqbal</u> standard to affirmative defenses based on majority
of district court decisions); <u>Semco, LLC v. Huntair, Inc.</u>, No. 11-4026-CV-C-
FJG, 2011 WL 3206873 (W.D. Mo. July 28, 2011) (<u>Iqbal/Twombly</u> standard
applies to the pleading of affirmative defenses); <u>Amerisure Ins. Co. v. Thomas</u>,
No. 4:11 CV642, 2011 WL 3021205 (E.D. Mo. July 21, 2011) (finding
"majority view persuasive" and holding that <u>Iqbal/Twombly</u> standard applies to
pleading of affirmative defenses).

standard. Affirmative defenses *preserve* defenses to be explored throughout discovery and, eventually, tested on their merits come summary judgment and/or trial.

Second, affirmative claims for relief as are asserted by a plaintiff are procedurally distinct from affirmative defenses:

> Typically, a plaintiff has months – often *years* – to investigate a claim before pleading that claim in federal court. By contrast, a defendant typically has 21 days to serve an answer. Whatever one thinks of Iqbal and Twombly, the "plausibility" requirement that they impose is more fairly imposed on plaintiffs who have years to investigate than on defendants who have 21 days.

Id. (internal citations omitted). Finally, as Judge Schiltz discusses, it is common practice in federal court to simply list affirmative defenses in one's answer. Id.

Significantly, and consistent with the foregoing discussion, the Eighth Circuit has explicitly held that affirmative defenses "need not be articulated with any rigorous degree of specificity" and that a party sufficiently pleads and preserves affirmative defenses via "bare assertions." Zotos v. Lindbergh Sch. Dist., 121 F.3d 356, 361 (8th Cir. 1997) (citations omitted); see also Wisland v. Admiral Beverage Corp., 119 F.3d 733, 737 (8th Cir. 1997) ("The rules do not require a party to plead every step of legal reasoning that may be raised in support of its affirmative defense; they only require a defendant to state in short and plain terms its defenses to a plaintiff's claims.").

A party sufficiently pleads and preserves an affirmative defense by simply identifying the defense in the party's responsive pleading. Once pled, the defendant bears the burden of proof on its affirmative defenses. "[A]s a defendant bears the burden of proof on an affirmative defense, it is normally not an appropriate basis upon which to grant a motion to dismiss or for judgment on the pleadings." Fry v. Accent Mktg. Servs., L.L.C., 2013 WL 2403669, at *4 (E.D. Mo. May 31, 2013).

Plaintiff's general arguments concerning the ultimate likely sufficiency (whether upon summary judgment or trial) of Defendant Lasser's affirmative defenses are premature, and Plaintiff's attempt to dismiss Defendant Lasser's affirmative defenses via the present Motion for Judgment on the Pleadings is procedurally and substantively inappropriate. See, e.g., Fleishour v. Stewart Title Guar. Co., 640 F. Supp. 2d 1088, 1090 (E.D. Mo. 2009) ("Plaintiff has presented no evidence that these affirmative defenses are not 'sufficient as a matter of law.' . . . Defendants raise appropriate questions of law and fact for the Court to consider. While Plaintiff may desire that more facts be provided in Defendant's defenses, the pleading requirements under the Federal Rules simply do not require a statement of the facts necessary to support the defense.").

Plaintiff may challenge the substantive merits of Defendant Lasser's affirmative defenses at a later date. But for now, Plaintiff's Motion for Judgment on the Pleadings, [Docket No. 19], with respect to Plaintiff's request for relief regarding Defendant Lasser's affirmative defenses, is not the correct vehicle by which Plaintiff may attempt to obtain the relief he has sought by his Complaint. The mere fact that Defendant Lasser has identified a number of affirmative defenses in her Answer adequately preserves the defenses.

Significantly, the fact that Defendant Lasser has pled affirmative defenses in the present case generally makes Plaintiff's Motion for Judgment on the Pleadings, [Docket No. 19], procedurally improper. "When a defendant 'raises an affirmative defense in his answer it will usually bar judgment on the pleadings.'" Clark v. Transamerica Life Ins. Co., 2010 WL 2771916, at *3 (E.D. Ark. June 18, 2010) (quoting General Conference Corp. of Seventh-Day Adventists v. Seventh-Day Adventist Congregational Church, 887 F.2d 228, 230 (9th Cir. 1989) (citing, in turn, 5C Wright & Miller, at § 1368)). Defendant Lasser's affirmative defenses survive Plaintiff's present motion and suggest that material issues of fact remain for the Court's

resolution. However, setting aside Defendant Lasser's affirmative defenses for the moment and presuming, only for the sake of argument, that Defendant Lasser's affirmative defenses do not *summarily* bar Plaintiff from obtaining declaratory judgment in his favor on the pleadings, Plaintiff's motion for judgment on the pleadings is ultimately misguided, misconstrues the purpose of Rule 12(c), and misuses the present motion as an attempt to circumvent Plaintiff's own burdens of production and persuasion required for him to obtain the relief sought by his Complaint.

The intimate relationship between Rule 12(c) and Rule 12(b)(6) illuminates the fact that motions for judgment on the pleadings are designed principally to test the sufficiency of an *opposing* party's pleadings and are not meant to serve as a tool for avoiding the responsibilities and burdens which would need be met to obtain summary judgment. "Rule 12 of the Federal Rules of Civil Procedure allows the Court to dismiss a claim for failure to state a claim; a motion to dismiss for failure to state a claim may be brought 'by motion for judgment on the pleadings, or at the trial on the merits.'" NCMIC Ins. Co. v. Blalock, 2005 WL 1926233, at *2 (E.D. Mo. Aug. 10, 2005) (quoting Fed. R. Civ. P. 12(h)(2)). As discussed in the standard of review section, supra, Rule 12(c) motions are substantively akin to Rule 12(b)(6) motions for failure to state a claim upon which relief may be granted and apply virtually identical standards of review. "[T]he same standard of review applicable to a Rule 12(b) motion applies to its Rule 12(c) analog," because the motions are "functionally identical." Beckway v. DeShong, 717 F. Supp. 2d 908, 913-14 (N.D. Cal. 2010), on reconsideration in part (July 28, 2010) (quoting Dworkin v. Hustler Magazine, Inc., 867 F.2d 1188, 1192 (9th Cir. 1989)). Motions for judgment on the pleadings, like Rule 12(b) motions, merely *challenge the sufficiency of an opponent's pleadings*:

> Federal Rule 12(c) should be read in conjunction with several other
> federal rules authorizing pretrial motions, especially the various

> Rule 12(b) motions to dismiss, the Rule 12(f) motion to strike, and the Rule 56 motion for summary judgment. **Collectively, these procedures provide an arsenal of weapons for challenging the sufficiency of an opponent's pleading and the viability of the underlying claim or defense.** Although under modern practice these various techniques have to some extent become interchangeable, distinctions still remain as to their respective scope and effect. The question of which device should be employed in a particular context usually will be answered on the basis of the challenge being made, the identity of the party interposing it, and the nature of the alleged defect.

5C Wright & Miller, *Federal Practice & Procedure* § 1369 (3d. ed. 2010) (as cited in Geoghegan v. Grant, 2011 WL 673779, at *3 (D. Md. Feb. 17, 2011)). Courts typically grant motions for judgment on the pleadings *only* if it appears that the nonmoving party *can prove no set of facts entitling it to relief.* See St. Paul Ramsey County Med. Ctr. v. Pennington County, S.C., 857 F.2d 1185, 1188 (8th Cir. 1988).[3]

Plaintiff fails to recognize the primary purpose of Rule 12(c) motions and instead attempts to effectively procure summary judgment on the basis of his mere allegations contained in the Complaint alone, despite the fact that (1) Defendant Lasser has sufficiently alleged affirmative defenses, implicating unresolved factual issues; and (2) Plaintiff does not present sufficient information to allow the Court to determine that there are indeed no genuine disputes of material fact so that he is entitled to judgment as a matter of law.

First, as discussed above, Defendant Lasser has sufficiently pled affirmative defenses to judgment in Plaintiff's favor and, in so doing, has implicated the existence of unresolved

---

[3] That being said, the Court recognizes that in rare circumstances, a party may, via Rule 12(c), move for *affirmative* relief on its own pleadings. For example, a plaintiff may move for judgment on the pleadings to obtain declaratory judgment where the parties' only dispute is the proper interpretation of contractual terms. Geoghegan, 2011 WL 673779, at *3 (citing Hous. Auth. Risk Retention Group, Inc. v. Chicago Hous. Auth., 378 F.3d 596 (7th Cir. 2004) (upholding decision of trial court to grant plaintiff's motion for judgment on pleadings where plaintiff sought a declaratory judgment that under the parties' insurance contract plaintiff had no duty to defend the defendants in a lawsuit); A.S. Abell Co. v. Baltimore Typographical Union No. 12, 338 F.2d 190 (4th Cir. 1964) (affirming judgment on pleadings for plaintiff in its action to enforce collective bargaining agreement's arbitration provision)). However, for reasons discussed in the following pages, the Court does not believe that the present case presents an appropriate opportunity for Plaintiff to move for judgment on his own pleadings.

material disputes of fact. The present record before the Court is insufficient to establish (1) that no material dispute of fact remains to be resolved, or (2) that Plaintiff is entitled to judgment as a matter of law. Defendant Lasser's Answer admits that Wanda Lasser's life insurance policy named Plaintiff as the primary beneficiary and that Defendant Lasser was named as the contingent beneficiary. (Answer [Docket No. 7], ¶ 7). However, Defendant Lasser maintains that several affirmative defenses may bar Plaintiff's claim to the life insurance proceeds at issue in this case, including estoppel, duress, laches, release, or waiver. (Id. ¶ 9). See in accord, Spann v. Crawford, 2007 WL 2407020, at *2 (W.D. Mo. Aug. 17, 2007) ("Defendants' answer and response to plaintiff's motion for judgment on the pleadings clearly disclose a conflict of material issue of fact as to plaintiff's claims in this case. . . . Therefore, plaintiff's motions for judgment based on his pleadings submitted in this case should be denied. Plaintiff's argument for judgment is more appropriately addressed at the summary judgment stage of this case.").

Additionally, even if the Court were to ignore Defendant Lasser's affirmative defenses and evaluate the merits of Plaintiff's claim concerning his asserted inapplicability of Minn. Stat. § 524.2-804, a procedurally ill-advised tactic, the Court is unable to unequivocally determine that Plaintiff is entitled to judgment as a matter of law on the basis of the present pleadings alone.

Minn. Stat. § 524.2-804, subd. 1(1) provides, "[T]he dissolution or annulment of a marriage revokes any revocable . . . disposition, beneficiary designation, or appointment of property made by an individual to the individual's former spouse in a governing instrument[.]" The Minnesota legislature modified the statute in 2002 to specifically apply to beneficiary designations. PROPERTY – PROBATE AND POWER OF APPOINTMENT PROVISIONS – MODIFICATION, 2002 Minn. Sess. Law Serv. Ch. 347 (S.F. 2540).

The Eighth Circuit explicitly addressed retroactive application of a similar revocation statute in Whirlpool, 929 F.2d 1318. In Whirlpool, the defendant's former spouse designated the defendant as the beneficiary of his life insurance policy. Several years later, the Oklahoma legislature enacted a statute that provided that if a "party to [a] contract with the power to designate the beneficiary of any death benefit dies after being divorced from the beneficiary named to receive such death benefit in the contract, all provisions in such contract in favor of the decedent's former spouse are thereby revoked." Id. at 1319 (quoting Okla. Stat. Tit. 15, § 178(A) (Supp. 1987)). The statute explicitly applied to life insurance policies. Id. at 1320. Following enactment of the Oklahoma statute, the defendant and her husband divorced; several months later, the defendant's ex-husband died. Id.

The Eighth Circuit explicitly held that retroactive application of the Oklahoma statute to revoke the defendant's status as beneficiary was unconstitutional. Id. at 1322. The Eighth Circuit explicitly held that "by reaching back in time and disrupting this expectation, the Oklahoma legislature impaired [the decedent's] contract." Id. The Eighth Circuit reasoned that retroactive application of Oklahoma's revocation statute (i.e., a statute "providing that if party to contract with power to designate beneficiary of any death benefit dies after being divorced from beneficiary named to receive death benefits, all provisions in contract in favor of former spouse are thereby revoked") violates the Contracts Clause of the Constitution. Id.

This District has previously applied the principles of Whirlpool to the Minnesota statute now at issue in the present case. In MONY Life Ins. Co. v. Ericson, a father and his daughters asserted competing claims to the proceeds of a life insurance policy. 533 F. Supp. 2d 921, 925 (D. Minn. 2008). On cross-motions for summary judgment, the Honorable Richard H. Kyle held that the case was "on all fours with Whirlpool":

11

> First, Section 524.2-804 clearly creates a substantial impairment in a contractual relationship, namely, the relationship between MONY and Copeland. By disqualifying Ericson as Copeland's designated beneficiary, Section 524.2–804 has "effected a fundamental and pejorative change in the very essence" of her life-insurance policy. Further, under <u>Whirlpool</u>, the purpose behind the statute – "the legislative judgment that ex-spouses often intend to change their beneficiaries" – is insufficient to justify such a "radical [ ] alterat[ion]" of pre-existing life-insurance policies like Copeland's. Pursuant to <u>Whirlpool</u>, therefore, Section 524.2–804 cannot, consistent with the Contracts Clause, be applied retroactively to remove Ericson as the beneficiary of Copeland's life-insurance policy.

<u>Id.</u> (internal citations omitted). Judge Kyle noted that <u>Whirlpool</u> has come under fire in several other districts and circuits and recognized that "[w]hile commentators (like the Joint Editorial Board) and courts outside of the Eighth Circuit (such as the Tenth Circuit) are free to disregard <u>Whirlpool</u>, this Court is not." <u>Id.</u> at 926 (<u>citing</u> <u>Xiong v. Minnesota</u>, 195 F.3d 424, 426 (8th Cir. 1999) (noting that a district court "ha[s] no power to replace governing circuit law with its own view"); <u>BPS Guard Servs., Inc. v. NLRB</u>, 942 F.2d 519, 524 (8th Cir. 1991) (stating that holdings of the Eighth Circuit Court of Appeals are "binding on all inferior courts and litigants" within the Circuit)).

However, prior to the <u>MONY</u> decision, the Honorable Donovan W. Frank had specifically distinguished the holding in <u>Whirlpool</u> in favor of case law out of the Eastern District of Wisconsin. Citing a Tenth Circuit case, an Eastern District of Wisconsin case, and a Washington state court case, all denouncing <u>Whirlpool</u>, Judge Frank held that "an ex-spouse's beneficiary designation prior to divorce does not create a vested contractual right in the ex-spouse sufficient to allege a Contract Clause challenge." <u>Lincoln Ben. Life Co. v. Heitz</u>, 468 F. Supp. 2d 1062, 1068 (D. Minn. 2007). Judge Frank *distinguished* <u>Whirlpool</u> by finding that "the purposes behind the two statutes are different." <u>Id.</u> Judge Frank reasoned:

> [T]he Oklahoma Court of Appeals had previously declared, in an
> unpublished opinion, that the Oklahoma statute was
> unconstitutional. In contrast, to the best of the Court's and the
> parties' knowledge, no Minnesota court has found § 524.2-804 to
> be unconstitutional. Additionally, the decedent and his ex-wife in
> Whirlpool had four children together, but here, Caswell and Heitz
> had no children together. Finally, no information is given about the
> policy involved in Whirlpool. Here, the Policy clearly states that
> Caswell's beneficiary designation is revocable without Heitz's
> consent and that Heitz had no interest in the Policy until Caswell
> died. Given these differences, Heitz's reliance on Whirlpool is
> misplaced.

Id. Judge Frank relied on facts of the Heitz case to distinguish it from the facts of the Whirlpool case.

On the present record before the Court, Plaintiff is not unequivocally entitled to judgment on the pleadings because Plaintiff has not yet sufficiently developed the record. The pleadings themselves contain a meager amount of information, and it appears as though material issues of fact remain to be resolved. The present record before the Court does not contain any information regarding the nature of the decedent insured's decision to allow Plaintiff to remain the primary beneficiary under her life insurance policy, the nature of their relationship, nor the *language of the policy itself*. The Complaint in this case simply states in the most conclusory of fashion that Plaintiff is entitled to Wanda Lasser's life insurance policy's death benefits. Because, as already discussed at length, Defendant Lasser sufficiently raises a number of affirmative defenses to Plaintiff's claim, the present record before the Court does not permit an undisputed inference that Plaintiff is unequivocally entitled to judgment on the pleadings alone at this stage. Defendant Lasser's affirmative defenses are sufficient to implicate potential disputes of material fact. In fact, Plaintiff himself, by moving to amend the Complaint, seemingly concedes that the Complaint in its current form is insufficient and that material issues of fact remain unresolved.

The Court recommends **DENYING** Plaintiff's Motion for Judgment on the Pleadings, [Docket No. 19], in its entirety, without prejudice. Plaintiff will have opportunities to address the merits of his claims as the present case develops.[4] See in accord, Jones v. Bond, 2013 WL 2287094, at *2 (E.D. Ark. May 23, 2013) ("[T]he parties are just beginning discovery, and Plaintiff has not provided any evidence to support his claims. Thus, judgment in his favor is not appropriate at this time. Accordingly, his Motion for Judgment on the Pleadings should be denied.").

## III.   ORDER: PLAINTIFF'S MOTION TO EXTEND TIME TO SERVE AND FILE AMENDED COMPLAINT AND FOR LEAVE TO FILE FIRST AMENDED COMPLAINT, [DOCKET NO. 42]

On January 22, 2015, following the close of briefing on Plaintiff's Motion for Judgment on the Pleadings, [Docket No. 19], Plaintiff filed a separate motion (1) to extend time to serve and file an Amended Complaint, and (2) for leave to file an Amended Complaint. (See [Docket No. 42]).

The Pretrial Scheduling Order provides that all motions to amend the pleadings were to be filed and heard on or before February 2, 2015. (Pretrial Scheduling Order [Docket No. 28], at 2). Plaintiff called the Undersigned's chambers to schedule the present motion for hearing on January 20, 2015 – less than two weeks prior to February 2, 2015, and therefore with insufficient time to schedule the motion in a timely manner. See L.R. 7.1(b).

Plaintiff's proposed Amended Complaint incorporates significant additional factual allegations. The proposed Amended Complaint more explicitly alleges that Plaintiff's and Wanda's divorce "did not modify the beneficiary designations in the policies" and includes *new*

---

[4] The Court notes that MONY and Heitz were both decided on Rule 56 motions for summary judgment and not upon Rule 12(c) motions for judgment on the pleadings.

*allegations* concerning a previously unmentioned "oral contract" between Plaintiff and Wanda

Lasser:

> ¶ 10: Plaintiff and Wanda Lasser ratified the agreement after the divorce and entered into an oral contract maintaining their respective life insurance policies through American General ("the oral contract"). The oral contract provided that Plaintiff would pay monthly premiums on and keep his life insurance policy in place naming Wanda Lasser as primary beneficiary.

> ¶ 11: The oral contract also provided that Wanda Lasser would pay the premiums on and keep her life insurance policy in place. The oral contract provided that Wanda Lasser would continue to name Plaintiff as the primary beneficiary under her life insurance policy with American General.

> ¶ 12: Following his divorce from Wanda Lasser, Plaintiff continued to pay the premiums on and keep his life insurance policy in place without change, including without change to his designation of Wanda Lasser as the primary beneficiary under his life insurance policy with American General.

> ¶ 13: Following her divorce from Plaintiff, Wanda Lasser continued to pay the premiums on and keep her life insurance policy in place without change, including without change to her designation of Plaintiff as the primary beneficiary under her life insurance policy with American General.

> ¶ 14: After the divorce, Plaintiff and Wanda Lasser told Arlo Burress, the life insurance agent who sold and serviced the life insurance policy, about the existence of the contract. Arlo Burress assisted Plaintiff and Wanda Lasser in setting up payments from their separate bank accounts to keep their life insurance policies in place without change. Both Wanda Lasser and Plaintiff's sole source of income was Social Security disability payments after the divorce. Plaintiff and Wanda Lasser ratified the contract monthly by paying the premiums each month out of their meager incomes.

> ¶15: Believing that no paperwork was required to memorialize the contract between Plaintiff and Wanda Lasser, Arlo Burress did not have Wanda Lasser fill out any document "renaming" Plaintiff as the primary beneficiary under her life insurance policy. As a [sic] agent for American General, Arlo Burress believed the existing beneficiary designation was valid and was unaware of any procedure to reaffirm eh terms of the existing policies.

(Redlined Proposed Amended Compl. [Docket No. 42-2], ¶¶ 10-15). In addition to new allegations concerning an "oral contract," Plaintiff also proposes to incorporate language specifically applying <u>Whirlpool</u> in an attempt to directly blunt any effect Minn. Stat. § 524.2-804 may have to revoke Plaintiff's beneficiary status:

> ¶ 20: Under *Whirlpool Corp. v. Ritter*, 929 F.2d 1318 (8th Cir. 1991), Minn. Stat. § 524.2-804 cannot be applied to Wanda Lasser's policy, which was issued in 1999, and does not apply to revoke her designation of Plaintiff as the primary beneficiary under the policy. Application of Minn. Stat. § 524.2-804 to the contract between Plaintiff and Wanda Lasser would violate the Contracts Clause of the United States and Minnesota Constitutions.

> ¶ 21: Further, Minn. Stat. § 524.2-804 does not revoke Wanda Lasser's designation of Plaintiff as the primary beneficiary under the policy because Wanda Lasser and Plaintiff entered into a contract relating to the division of the marital property, namely their respective life insurance policies. Plaintiff and Wanda Lasser fully performed their obligations under the contract, including paying policy premiums each month after the divorce until Wanda Lasser's death and continuing to name each other as primary beneficiary under their respective life insurance policies. This continued until Wanda Lasser's death. Under the contract, Plaintiff remains the primary beneficiary under Wanda Lasser's life insurance policy.

(<u>Id.</u>)

Although Plaintiff does not explicitly frame the proposed Amended Complaint this way, paragraph 21 is plainly a new claim – namely, that regardless of the possible effect of Minn. Stat. § 524.2-804, the "oral contract" described in proposed amended paragraphs 10-15 preserves Plaintiff's designation as the primary beneficiary.

### A.   Standard of Review

### 1.   Amending Pleadings

Except where amendment is permitted as a matter of course, Federal Rule of Civil

Procedure 15 provides that a party may amend its pleading only with the opposing party's written consent or the court's leave, and Rule 15 instructs that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The Supreme Court has explained the purpose of Rule 15(a) as follows:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of such an apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc. – the leave sought should, as the rules require, be "freely given."

Foman v. Davis, 371 U.S. 178, 182 (1962). Although "parties do not have an absolute right to amend their pleadings, even under this liberal standard," Sherman v. Winco Fireworks, Inc., 532 F.3d 709, 715 (8th Cir. 2008), the Court begins its review "with a presumption of liberality." DeRoche v. All Am. Bottling Corp., 38 F. Supp. 2d 1102, 1106 (D. Minn. 1998).

A party may oppose a motion to amend pleadings as futile when the claim(s) created by the amendment would not withstand a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief may be granted. See Cornelia I. Crowell GST Trust v. Possis Medical, Inc., 519 F.3d 778, 782 (8th Cir. 2008); Humphreys v. Roche Biomedical Lab., Inc., 990 F.2d 1078, 1082 (8th Cir. 1993). However, when applying Rule 12(b)(6)'s motion to dismiss standard when ruling on a motion to amend under a Rule 15(a) futility analysis, courts generally do not weigh the substance of the proposed amended pleadings to the same extent as would be appropriate on a Rule 12(b)(6) motion. Streambend Properties III, LLC v. Sexton Lofts, LLC, No. 10-cv-4745 (MJD/SER), 2014 WL 316895, at *6 (D. Minn. Jan. 28, 2014) (citing Birchwood Labs., Inc. v. Battenfeld Techs., Inc., 762 F. Supp. 2d 1152, 1156 (D. Minn. 2011)).

### 2.    Amending the Scheduling Order

A court's scheduling order may be modified for "good cause." Fed. R. Civ. P. 16(b)(4). "The 'good cause' standard requires a demonstration that the existing schedule cannot reasonably be met despite the diligence of the party seeking the extension." Burris v. Versa Products, Inc., No. 07-cv-3938 (JRT/JJK), 2009 WL 3164783, at *4 (D. Minn. Sept. 29, 2009). "The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements." Rahn v. Hawkins, 464 F.3d 813, 822 (8th Cir. 2006). "While the prejudice to the nonmovant resulting from modification of the scheduling order may also be a relevant factor, generally, we will not consider prejudice if the movant has not been diligent in meeting the scheduling order's deadlines." Sherman, 532 F.3d at 717.

### B.    Analysis

Notwithstanding Plaintiff's contentions to the contrary, the proposed Amended Complaint does not simply "make more explicit" Plaintiff's existing claims. A new claim asserting the existence of an oral contract between Plaintiff and Wanda Lasser is alleged for the first time. Accordingly, the Court evaluates Plaintiff's *new claim* concerning the "oral contract" for futility.

Under Minnesota state law, a person is able to bind himself, in certain circumstances, to an oral contract. McCarty v. Nelson, 47 N.W.2d 595, 598 (Minn. 1951). "The terms of the contract, however, must be so definite and certain as to leave no doubt as to the terms of the contract, and the person seeking to enforce the contract must prove the contract by clear and convincing evidence." Heitz, 468 F. Supp. 2d at 1069 (citing Carlson v. Carlson, 211 Minn. 297, 300 N.W. 900, 902 (1941)).

Given Rule 15's somewhat lenient futility standard, the Court finds that Plaintiff's proposed Amended Complaint has alleged sufficient facts to assert a new claim that an oral contract existed between Plaintiff and Wanda Lasser. Whether Plaintiff is ultimately able to prove the existence of the oral contract by clear and convincing evidence is *not* the standard the Court applies at this present juncture.

With respect to Plaintiff's other proposed mere additional factual amendments, the Court would traditionally apply Rule 15's "freely given" standard. However, because Plaintiff's motion is *untimely*, the "freely given" standard is necessarily displaced by Rule 16's good cause standard. See Section III.A.2, supra. "When a party seeks to amend a pleading after the scheduling deadline for doing so, the application of Rule 16(b)'s good-cause standard is not optional." Sherman, 532 F.3d at 716.

> The interplay between Rule 15(a) and Rule 16(b) is settled in this circuit. In Popoalii, we stated that "[i]f a party files for leave to amend outside of the court's scheduling order, the party *must* show cause to modify the schedule." 512 F.3d at 497 (citing Rule 16(b) (emphasis added)). Moreover, we said so in the context of a discussion of the Rule 15 amendment standard, unmistakably concluding that Rule 16(b)'s good-cause standard governs when a party seeks leave to amend a pleading outside of the time period established by a scheduling order, not the more liberal standard of Rule 15(a). Id. Because Popoalii filed her motion to amend her complaint five months after the scheduling deadline for amending pleadings, "[u]nder [Rule] 16(b), Popoalii needed to show cause in order to be given leave to amend." Id.

Id.

Although Plaintiff's motion for leave to amend is untimely, it does not suffer from *undue* delay. The parties have only recently commenced the limited necessary discovery, and discovery will not close until June 15, 2015. In light of the Court's recommendation that Plaintiff's Motion for Judgment on the Pleadings (directed at Plaintiff's original Complaint) should be denied, the

Court finds good cause on the present record before the Court to allow Plaintiff to amend his Complaint and continue with discovery.

Additionally, Defendant Lasser does not stand to suffer any lost opportunities, time, or other prejudice by the Court granting Plaintiff leave to file his Amended Complaint. The only potential "prejudice" Defendant Lasser stands to incur is some slight additional cost in defending a new (albeit related) claim in the case, a known consequence of all lawsuits. Nothing in the present record before the Court suggests that Defendant Lasser stands to incur any other anticipated prejudice by way of lost evidence, as it appears that Defendant Lasser has been aware of Plaintiff's allegations concerning a potential "oral contract" at least since Plaintiff first filed his Motion for Judgment on the Pleadings back on December 4, 2014.

The Court **GRANTS** Plaintiff's Motion to Extend Time to Serve and File Amended Complaint and For Leave to File First Amended Complaint, [Docket No. 42]. Plaintiff shall serve and file his Amended Complaint, as proposed in Docket No. 42-1, no later than **Friday, April 10, 2015**.

IV.    **CONCLUSION**

Based on the foregoing, and all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED:**

That Plaintiff's Motion for Judgment on the Pleadings, [Docket No. 19], be **DENIED**.


**IT IS HEREBY ORDERED:**

That Plaintiff's Motion to Extend Time to Serve and File Amended Complaint and For Leave to File First Amended Complaint, [Docket No. 42], is **GRANTED**. Plaintiff shall serve

and file his Amended Complaint, as proposed in Docket No. 42-1, no later than **Friday, April 10, 2015**.


Dated: April 3, 2015                                    **s/ Leo I. Brisbois**
                                                        Leo I. Brisbois
                                                        U.S. MAGISTRATE JUDGE

## N O T I C E

Pursuant to Local Rule 72.2(b), any party may object to the Report and Recommendation by filing with the Clerk of Court, and serving all parties **by April 17, 2015**, a writing that specifically identifies the portions of the Report to which objections are made and the bases for each objection. A party may respond to the objections **by May 1, 2015**. Written submissions by any party shall comply with the applicable word limitations provided for in the Local Rules. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. This Report and Recommendation does not constitute an order or judgment from the District Court, and it is therefore not directly appealable to the Court of Appeals.